J-A07039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MORRIS LEONAR MEDLEY | : | |
| | : | |
| Appellant | : | No. 982 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 14, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-SA-0000289-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MORRIS LEONAR MEDLEY | : | |
| | : | |
| Appellant | : | No. 984 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 11, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-SA-0000290-2022

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: APRIL 24, 2024**

Appellant, Morris Leonar Medley, challenges the judgment of sentence entered in the Court of Common Pleas of Luzerne County following his convictions for Driving Under DUI Suspension, 75 Pa.C.S.A. § 1543(b)(1)(i) and Evidence of Emission Inspection, 75 Pa.C.S.A. § 4706(c)(5).  Appointed

---

[*] Former Justice specially assigned to the Superior Court.

counsel has filed an application to withdraw and an appellate brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm and grant counsel's application to withdraw.

On February 7, 2023, Appellant appeared with defense counsel for his scheduled bench trial on the above-referenced charges. Defense counsel, however, informed the trial court that because she could not put forth the defense theory that Appellant insisted be made, *i.e.*, that his operation of a neighbor's car constituted merely "traveling" on their neighborhood street and not "driving" for purposes of the statute, she was requesting the court's permission to withdraw as counsel and be reappointed as standby counsel. N.T., 2/7/23, at 2. Appellant wished to have counsel, she explained, but given her refusal to make his chosen argument, he preferred to self-represent:

> **DEFENSE COUNSEL**: Your Honor, if I may, I have spoken with Mr. Medley, and I would be requesting permission to withdraw. I'd be happy to remain as stand-by counsel if the Court or if Mr. Medley would like me to.
>
> Mr. Medley has patiently explained his defense to me. He has spoken with me on Friday and Monday. We also spoke this morning. He is articulate, he has put thought into it; however, it is a defense that I cannot make. In respect to his express interest, it's the argument that he would like to proceed with.
>
> In speaking with him, it's not that he doesn't want an attorney, he does; however, my understanding is that he would prefer to move forward without an attorney if that attorney cannot make the argument that he would like to make.
>
> **TRIAL COURT:** Under the law?

- 2 -

**DEFENSE COUNSEL:** Yes, Judge.

**TRIAL COURT:** Is that correct, sir?

**DEFENDANT:** Uh-huh. Yes.

**TRIAL COURT:** Motion to withdraw is granted. Counsel will remain as stand-by counsel.

And what that means, sir, is that if you have a question regarding procedure or any other matter as we go through the summary trial, you can ask the Court for permission to consult with your-stand-by counsel, Attorney Fernandes; do you understand that?

**DEFENDANT:** Yeah.

N.T., 2/7/23, at 2-3.

Thereafter, the trial court outlined the procedure that Appellant's summary trial would follow. Specifically, the trial court explained Appellant had the right to cross-examine Commonwealth witnesses and examine Commonwealth exhibits, call defense witnesses and present evidence to support his defense, exercise his Fifth Amendment right not to testify, and offer a closing argument. N.T. at 3-4.

Appellant confirmed that he had no questions regarding this procedure, and the trial court commenced the summary trial, which comprised the testimonies of the arresting Pennsylvania State Police corporal and Appellant, respectively. *See* N.T. at 4-11. Specifically, Corporal Pericci testified that he witnessed Appellant driving a vehicle bearing expired registration and inspection stickers. N.T. at 4. He initiated a traffic stop and verified that the inspection and emission stickers were expired. *Id*. During the stop, he also verified that Appellant's driver's license was suspended for DUI and that this

was Appellant's first offense under Section 1543(b). N.T. at 5. The Commonwealth introduced into evidence a copy of Appellant's certified driver history from the Pennsylvania Department of Transportation showing the Appellant's driving privileges were suspended for DUI at the relevant time. N.T. at 6. Appellant testified that he was not driving, *per se*, but only moving a neighbor's vehicle along the residential street at the time of the vehicle stop. N.T. at 6-11. At the conclusion of trial, the trial court found Appellant guilty of both charges.

On June 14, 2023, the trial court imposed a sentence of 60 days' incarceration and a fine of $500.00 plus court costs. Conflict counsel was appointed. On July 12, Appellant, through counsel, filed a notice of appeal, and the trial court ordered a concise statement of matters complained of on appeal. Both counsel and the trial court complied with Pa.R.A.P. 1925.

Herein, appointed counsel has filed both an application to withdraw as counsel and an **Anders** brief in which asserts the present appeal is frivolous. "When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). To withdraw pursuant to **Anders**, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has determined that the appeal would be frivolous;

(2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005);

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*citing*

***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010) (providing

that counsel must inform client by letter of rights to proceed once counsel

moves to withdraw and must append a copy of the letter to the petition).

The ***Anders*** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Appellate counsel has satisfied the technical requirements for withdrawing from representation, and we grant the application to withdraw. Accordingly, we conduct "'a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n.5). On review of the record, we

agree with counsel that there is no basis for Appellant's sufficiency of the evidence claim, as evidence adduced at Appellant's summary trial proved each element of the respective charges through both the testimony of Corporal Pericci and the admission of documentary evidence.

Finally, we conduct our simple review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. ***Yorgey***, 188 A.3d at 1196-97; ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Where, as here, a defendant wishes to represent themself, a hearing must be conducted to ascertain whether they understand: (1) their right to be represented by counsel; (2) that if they waived their right, they will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted. ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Here, the record reflects that after engaging in an on-the-record discussion with defense counsel and a subsequent colloquy of Appellant, the trial court ascertained that Appellant understood both his rights and the consequences of his decision to proceed *pro se* with standby counsel. Accordingly, we discern no issue with Appellant's knowing and voluntary decision to represent himself at his summary trial, nor do we find any other non-frivolous issue in the record.

Judgment of sentence affirmed. Application to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>04/24/2024</u>